Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
PEGGY A. VANWAGENEN

**Filed**

SEP 11 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Fee paid
SI

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

PEGGY A. VANWAGENEN,

    Plaintiff,

v.

NELSON & KENNARD, a general partnership; and ROBERT SCOTT KENNARD, individually and in his official capacity,

    Defendants.

Case No. CV12-04736

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

15 United States Code § 1692 *et seq.*

Plaintiff, PEGGY A. VANWAGENEN, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

**I. INTRODUCTION**

1. This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. According to 15 U.S.C. § 1692:

    a. There is abundant evidence of the use of abusive, deceptive, and unfair debt

- 1 -
COMPLAINT

collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

  b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

  c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

  d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

  e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

5. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

6. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V. PARTIES

7. Plaintiff, PEGGY A. VANWAGENEN (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

8. Defendant, NELSON & KENNARD (hereinafter "N&K"), is a general partnership engaged in the business of collecting debts in this state with its principal place of business located at: 2180 Harvard Street, Suite 160, Sacramento, California 95815. N&K may be served at: Nelson & Kennard, c/o Robert Scott Kennard, General Partner, 2180 Harvard Street, Suite 160, Sacramento, California 95815. The principal business of N&K is the collection of debts using the mails and telephone, and N&K regularly attempts to collect debts alleged to be due another. N&K is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

9. Defendant, ROBERT SCOTT KENNARD (hereinafter "KENNARD"), is a natural person, a licensed attorney in the state of California, and is or was an employee, agent, and/or general partner of N&K at all relevant times. KENNARD may be served at his current business address at: Robert Scott Kennard, Nelson & Kennard, 2180 Harvard Street, Suite 160, Sacramento, California 95853. The principal purpose of KENNARD's business in the collection consumer debts due or

alleged to be due another. KENNARD is regularly engaged in the business of collecting consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone and internet. KENNARD is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

10. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

11. On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation, namely a consumer credit account issued by Capital One Bank (USA), N.A. (hereinafter "the debt"). The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

13. On or about November 4, 2011, Defendants filed a lawsuit against Plaintiff in the Superior Court of California, Santa Clara County captioned *Capital One Bank (USA), N.A. v. Peggy A. Vanwagenen, et al.*, Case No. 1-11-CV-212571 (hereinafter the "*Capital One v. Vanwagenen* complaint"), which sought to collect $2,743.96 in damages and pre-judgment interest at the rate of 10.000% per year from September 29, 2008.

14. A true and accurate copy of the *Capital One v. Vanwagenen* complaint is attached

- 4 -
COMPLAINT

hereto, marked Exhibit "1," and by this reference is incorporated herein.

15. The *Capital One v. Vanwagenen* complaint (Exhibit "1") stated as follows:

> Plaintiff (name): CAPITAL ONE BANK (USA), N.A. alleges that defendant (name): PEGGY A VANWAGENEN became indebted to plaintiff within the last four years on an open book account for money due.

16. The *Capital One v. Vanwagenen* complaint (Exhibit "1") stated as follows:

> Plaintiff (name): CAPITAL ONE BANK (USA), N.A. alleges that defendant (name): PEGGY A VANWAGENEN became indebted to plaintiff within the last four years because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff.

17. The *Capital One v. Vanwagenen* complaint (Exhibit "1") stated as follows:

> Plaintiff (name): CAPITAL ONE BANK (USA), N.A. alleges that defendant (name): PEGGY A VANWAGENEN became indebted to plaintiff within the last four years for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff the sum of $2,743.96.

18. As a result of the *Capital One v. Vanwagenen* complaint (Exhibit "1"), Plaintiff was required to retain legal counsel at her own expense thereby incurring actual damages in the form of attorney fees and costs.[1]

19. Capital One Bank (USA), N.A., is a national banking association with its principal offices located at: 4851 Cox Road, Glen Allen, Virginia 23060.

20. The Customer Agreement between Plaintiff and Capital One Bank (USA), N.A., states in relevant part as follows:

> Governing Law: WE MAKE THE DECISION TO GRANT CREDIT, OPEN AN ACCOUNT AND ISSUE YOU A CREDIT CARD FROM OUR OFFICES IN VIRGINIA. This Agreement is to be construed in accordance with and governed by the laws of the United States of America and by the internal laws of the Commonwealth of Virginia without giving effect to any choice of law rule that would cause the application

---

[1] See, *Owens v. Howe*, 365 F. Supp. 2d 942, 948 (N.D. Ind. 2005) (the attorney fees and cost incurred defending a state court lawsuit are properly awarded as actual damages under 15 U.S.C. § 1692k(a)(1), and not under 15 U.S.C. § 1692k(a)(3)); *Lowe v. Elite Recovery Solutions L.P.*, 2008 U.S. Dist. LEXIS 8353, at *9 (E.D. Cal. Feb. 4, 2008) (awarding attorney fees court costs incurred defending state court action as actual damages under 15 U.S.C. § 1692k).

of the laws of any jurisdiction other than the laws of the United States of America or the internal laws of the Commonwealth of Virginia to the rights and duties of the parties. This Agreement is made in Virginia. It will be governed only by Federal law and Virginia law (to the extent not preempted by Federal law). If a court decides not to enforce a part of this Agreement, this Agreement will then read as if the unenforceable or invalid part were not there, but the remaining parts will remain in effect.

21. The Virginia statute of limitations for breach of a credit card agreement is three years. See, Va. Code Ann. § 8.01-246(4).

22. Capital One Bank (USA), N.A.'s claims against Plaintiff accrued more than three years prior to the filing of the *Capital One v. Vanwagenen* complaint (Exhibit "1"). "A debt collector violates the FDCPA by using the courts to attempt to collect a time-barred debt."[2]

23. The *Capital One v. Vanwagenen* complaint (Exhibit "1") misrepresented the character, amount and legal status of the debt.

24. Plaintiff is informed and believes, and thereon alleges, that Defendants have filed and served standard form complaints in the form of Exhibit "1" on more than 40 persons in California in the one year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

26. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

27. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

---

[2] *McCollough v. Johnson, Rodenberg & Lauinger*, 587 F. Supp. 2d 1170, 1176 (D. Mont. 2008) (affirmed by *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011)).

28. Defendant, N&K, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

29. Defendant, KENNARD, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

30. The financial obligation owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

31. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

    a. Defendants made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    b. Defendants misrepresented the character, amount or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A); and

    c. Defendants attempted to collect a debt that is known by Defendants to be barred by the applicable statute of limitations, in violation of 15 U.S.C. § 1692f.

32. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

33. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§

1692e, 1692e(2)(A), 1692e(10), and 1692f;

c) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3); and

f) Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
PEGGY A. VANWAGENEN

**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, PEGGY A. VANWAGENEN, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

00/00/2011  16:10:27 FAX 2132499990        NATIONWIDE LEGAL                                         39

PLD-C-001

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Robert Scott Kennard, S.B.N. 117017,<br>NELSON & KENNARD         File No. 11-06261-0<br>2180 Harvard Street, Ste. 160    (95815)<br>P.O. Box 13807<br>Sacramento, CA 95853<br>TELEPHONE NO.: (916) 920-2295      FAX NO.*(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* CAPITAL ONE BANK (USA), N.A. | **[ENDORSED] FILED**<br>NOV -4 2011<br>David H. Yamasaki, Clerk of the Superior Court<br>County of Santa Clara, California<br>By: _____ Deputy Clerk<br>R. Nelson |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**<br>STREET ADDRESS: 191 N. First Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Jose, CA  95113<br>BRANCH NAME: LIMITED CIVIL CASE | |
| PLAINTIFF: CAPITAL ONE BANK (USA), N.A.<br><br>DEFENDANT: PEGGY A VANWAGENEN  ,<br><br>[ X ] DOES 1 TO ____10____ | |
| **CONTRACT**<br>[ X ] COMPLAINT        [ ] AMENDED COMPLAINT *(Number):*<br>[ ] CROSS-COMPLAINT    [ ] AMENDED CROSS-COMPLAINT *(Number):* | |
| Jurisdiction *(check all that apply):*<br>[ X ] **ACTION IS A LIMITED CIVIL CASE**<br>   Amount demanded  [ X ] does not exceed $10,000<br>                  [ ] exceeds $10,000 but does not exceed $25,000<br>[ ] **ACTION IS AN UNLIMITED CIVIL CASE** (exceeds $25,000)<br>[ ] **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint<br>   [ ] from limited to unlimited<br>   [ ] from unlimited to limited | CASE NUMBER:<br>111CV212571 |

1. **Plaintiff*** *(name or names):* CAPITAL ONE BANK (USA), N.A.
   alleges causes of action against **defendant***(name or names):* PEGGY A VANWAGENEN  ,
2. This pleading, including attachments and exhibits, consists of the following number of pages: 4

3. a. Each plaintiff named above is a competent adult
      [ X ] **except** plaintiff *(name):* CAPITAL ONE BANK (USA), N.A.
         [ ] a corporation qualified to do business in California
         [ ] an unincorporated entity *(describe):*
         [ X ] other *(specify):* NATIONAL BANKING ASSOCIATION
   b. [ ] Plaintiff *(name):*
      a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*
      b. [ ] has complied with all licensing requirements as a licensed *(specify):*
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
      [ ] **except** defendant *(name):*              [ ] **except** defendant *(name):*
         (1) [ ] a business organization, form unknown     (1) [ ] a business organization, form unknown
         (2) [ ] a corporation                             (2) [ ] a corporation
         (3) [ ] an unincorporated entity *(describe):*    (3) [ ] an unincorporated entity *(describe):*

         (4) [ ] a public entity *(describe):*             (4) [ ] a public entity *(describe):*

         (5) [ ] other *(specify):*                        (5) [ ] other *(specify):*

**EXHIBIT 1**

*If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.                        Page 1 of 2

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-C-001 [Rev. January 1, 2007] | **COMPLAINT—Contract** | Code of Civil Procedure, § 425.12 |

00/00/2011  16:10:27 FAX 2132499990        NATIONWIDE LEGAL                                    40

**PLD-C-001**

| SHORT TITLE: CAPITAL ONE BANK (USA), N.A. v. PEGGY A VANWAGENEN, et al. | CASE NUMBER: |
|---|---|

4. *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) [ X ] Doe defendants *(specify Doe numbers):* ___1 - 5___ were the agents or employees of the named defendants and acted within the scope of that agency or employment.
      (2) [ X ] Doe defendants *(specify Doe numbers):* ___6 - 10___ are persons whose capacities are unknown to plaintiff.
   c. [ ] Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. [ ] Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

5. [ ] Plaintiff is required to comply with a claims statute, **and**
   a. [ ] plaintiff has complied with applicable claims statutes, or
   b. [ ] plaintiff is excused from complying because *(specify)*:

6. [ ] This action is subject to [ ] Civil Code section 1812.10 [ ] Civil Code section 2984.4.

7. This court is the proper court because
   a. [ ] a defendant entered into the contract here.
   b. [ ] a defendant lived here when the contract was entered into.
   c. [ X ] a defendant lives here now.
   d. [ ] the contract was to be performed here.
   e. [ ] a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. [ ] real property that is the subject of this action is located here.
   g. [ ] other *(specify)*:

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

   [ ] Breach of Contract

   [ X ] Common Counts

   [ ] Other *(specify)*:

9. [ X ] Other allegations: Prior to commencement of this action, the Defendants were informed in writing that if an action were commenced, the Plaintiff may recover its reasonable attorney's fees and court costs, where allowed by law, in addition to the principal and interest otherwise owed.

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. [ X ] damages of $ 2,743.96
    b. [ X ] interest on the damages
       (1) [ ] according to proof
       (2) [ X ] at the rate of *(specify):* ___10.000___ percent per year from *(date)*: 09/29/08
    c. [ ] attorney fees
       (1) [ ] of: $
       (2) [ ] according to proof.
    d. [ ] other *(specify)*: Attorney fees pursuant to Civil Code Section 1717.

11. [ ] The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: September 15, 2011
ROBERT SCOTT KENNARD

_____
(TYPE OR PRINT NAME)

*Robert Scott Kennard*
(Signature of plaintiff or attorney)

*(If you wish to verify this pleading, affix a verification.)*

00/00/2011 16:10:27 FAX 2132499990   NATIONWIDE LEGAL                              41

PLD-C-001(2)

| SHORT TITLE: CAPITAL ONE BANK (USA), N.A. v. PEGGY A VANWAGENEN, et al. | CASE NUMBER: |
|---|---|

# FIRST CAUSE OF ACTION—Common Counts
(number)

ATTACHMENT TO [X] Complaint   [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name)*: CAPITAL ONE BANK (USA), N.A.

alleges that defendant *(name)*: PEGGY A VANWAGENEN ;

became indebted to   [x] plaintiff   [ ] other *(name)*:

a. [X] within the last four years
   (1) [X] on an open book account for money due.
   (2) [X] because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff.

b. [X] within the last   [ ] two years   [X] four years
   (1) [ ] for money had and received by defendant for the use and benefit of plaintiff.
   (2) [ ] for work, labor, services and materials rendered at the special instance and request of defendant
       and for which defendant promised to pay plaintiff.
       [ ] the sum of $
       [ ] the reasonable value.
   (3) [X] for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff
       [X] the sum of $ 2,743.96
       [ ] the reasonable value.
   (4) [ ] for money lent by plaintiff to defendant at defendant's request.
   (5) [ ] for money paid, laid out, and expended to or for defendant at defendant's special instance and request.
   (6) [ ] other *(specify)*:

CC-2. $ 2,743.96   which is the reasonable value, is due and unpaid despite plaintiff's demand, plus prejudgment interest   [ ] according to proof   [X] at the rate of 10.000 percent per year from *(date)*: 09/29/08

CC-3. [ ] Plaintiff is entitled to attorney fees by an agreement or a statute
   [ ] of $
   [ ] according to proof

CC.4. [ ] Other: Attorney fees pursuant to Civil Code Section 1717.

Page _____

Page 1 of 1

| Form Approved for Optional Use Judicial Council of California PLD-C-001(2) [Rev. January 1, 2009] | **CAUSE OF ACTION – Common Counts** | Code of Civil Procedure, § 425.12 www.courtinfo.ca.gov |
|---|---|---|

00/00/2011  16:10:27 FAX 2132499990          NATIONWIDE LEGAL                                    42

## VERIFICATION

I, ROBERT SCOTT KENNARD, declare:

I am an attorney at law duly admitted and licensed to practice before all courts of the State of California and I have my professional office at 2180 Harvard Street, Ste. 160, Sacramento, Sacramento County, California.

I am the attorney of record for Plaintiff in the above entitled matter.

Said Plaintiff is absent from the county in which I have my office and for that reason I am making this verification on their behalf.

I have read the foregoing documents and know the contents thereof.

Venue lies properly with this court because Defendant either resides in this judicial district at the time this action is commenced or the contract was in fact signed by the Defendant in this judicial district.

As to all other matters, I am informed and believe that the matters stated therein are true, and on that ground, I allege that the matters stated therein are true.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed on __September 15, 2011___, at Sacramento, California.

ORIGINAL SIGNED BY:

*/s/ Robert Scott Kennard*
ROBERT SCOTT KENNARD